FILED

2656568

2015 JUN -9 PM 1:46

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:15-CV-934-ORL-41-GJK
DIV. NO.:

KATHERINE OCASIO-RUIZ as parent and
natural guardian of GABRIEL SERRANO, a
minor,

    Plaintiff,

vs.

SEA LIFE ORLANDO LLC,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Katherine Ocasio-Ruiz, as parent and natural guardian of Gabriel Serrano, a minor, hereby sues Defendant, Sea Life Orlando LLC, and states as follows:

### INTRODUCTION

1. This is an action for declaratory and injunctive relief against Sea Life Orlando LLC for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* (the "ADA"), which prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. 12182(a).

### JURISDICTION, PARTIES, & VENUE

2. Plaintiff is an individual over the age of eighteen years, *sui juris*, and a resident of Orange County, Florida.

3. Plaintiff's minor son, Gabriel Serrano, has autism. This condition substantially limits several major life activities, including but not limited to, neurological function, performing manual tasks, walking, learning and communication.

4. Defendant is a limited liability company with its principal address at 234 West 42nd St., New York, NY 10036, and is authorized to transact business in Florida.

5. Upon information and belief, Defendant is the owner, lessor, or operator of the "Sea Life Orlando" Aquarium located at 8449 International Drive, Orlando, FL 32819 (the "Aquarium").

6. Upon information and belief, Defendant controls the policies, procedures, and practices followed by its employees at the Aquarium related to individuals with disabilities.

7. The Aquarium is considered a "public accommodation" as that term is defined in 42 U.S.C. §12181(7).

8. Venue is proper in this Court because the Aquarium is located in Orange County, Florida and the conduct complained of occurred in Orange County, Florida.

9. This Court has original jurisdiction over the action pursuant to 28 U.S.C., § § 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 1281. et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

## FACTUAL BACKGROUND

10. On or about May 2, 2015, Plaintiff attempted to visit the Aquarium transporting her son in a stroller. The stroller was and is necessary for mobility due to Plaintiff's son's disability.

11. The Aquarium's employee informed Plaintiff that strollers were not allowed at the Aquarium. In response, Plaintiff informed the employee that her son has autism and the stroller

was necessary for mobility due to his condition. With this knowledge, the Aquarium's employee continued to refuse Plaintiff access to the Aquarium with her son in a stroller.

12. The conduct of Defendant's employees, management, and/or staff at the Aquarium caused Plaintiff embarrassment and deprived them of their civil rights.

13. All other conditions precedent have been satisfied by Plaintiff or have been waived by Defendant.

## COUNT I: VIOLATION OF TITLE III OF THE ADA

14. Plaintiff realleges and incorporates the allegations of Paragraphs 1-13 as if fully set forth herein.

15. As a general rule, Title III of the ADA provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. 12182(a).

16. It is a violation of Title III "to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. 12182(b)(1)(A)(i).

17. It is a violation of Title III to fail to "make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of

such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. 12182(b)(2)(A)(ii).

18. Through the actions/inactions described herein, Defendant has denied Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantage, or accommodations that Defendant provides to the public at the Aquarium, on the basis of his/her disability, in violation of Title III of the ADA.

19. Through the actions/inactions described herein, Defendant has failed to make reasonable modifications in policies, practices, or procedures, necessary to afford its goods, services, facilities, privileges, advantages, or accommodations to Plaintiff, in violation of Title III of the ADA.

20. Plaintiff desires to visit the Aquarium in the future, once its policies, practices, and procedures come into compliance with the ADA.

21. Plaintiff has suffered direct and indirect injury as a result of Defendant's discrimination. Until Defendant is compelled to comply with the requirements of the ADA, his/her injury will continue.

22. Plaintiff is without adequate remedy at law and is suffering irreparable harm.

23. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief.

24. Plaintiff has retained the law firm of Morgan & Morgan, P.A., and is obligated to pay said firm a reasonable attorneys' fee for its services in connection with the prosecution of this action. Plaintiff is entitled to recover her attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff respectfully requests:

a) The Court issue a Declaratory Judgment that determines that Defendant is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*

b) Injunctive relief against Defendant, including an order requiring Defendant to provide Plaintiff the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantage, or accommodations that Defendant provides to the public;

c) Injunctive relief against Defendant, including an order requiring Defendant make reasonable modifications in policies, practices, or procedures allowing Plaintiff's and her son in a stroller.

d) An award of attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

e) Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*

Respectfully submitted this _8th_ day of June, 2015.

ERIC W. DEMING, ESQUIRE
Florida Bar No. 43678
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 4th Floor
Post Office Box 4979
Orlando, FL 32802-4979
(407) 420-1414
(407) 423-7928 - Facsimile
Attorneys for Plaintiff
Primary Email: EDeming@forthepeople.com